UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff,                          CASE NO. 06-CR-20676

v.                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

HENRY RICHARDSON

       Defendant,
_____/

OPINION AND ORDER DENYING
DEFENDANT RICHARDSON'S MOTION TO SUPPRESS STATEMENTS

Defendant Henry Allen Richardson has moved to suppress statements taken from him by agents of the Federal agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE) on December 6, 2006 (Doc. # 30). The Court held an evidentiary hearing on June 4, 2007. The only witness to testify was BATFE Special Agent Mike Yott. Richardson did not present evidence. A DVD was admitted; that covered portions of Richardson's interrogation at his house in Canton, Michigan.

Yott's testimony was that eight or nine BATFE agents first executed a search warrant at a residence located at 9636 Pinehurst in the City of Detroit at 6:30 -7:00 p.m. on December 6, 2006. Richardson was present at the residence along with co-Defendant Kevin Smith. Smith made a statement at that location; Richardson did not.

Yott testified that, during interrogation, if a suspect requests an attorney all interviewing stops. Yott further testified that, at Pinehurst, after oral Miranda warnings were provided, Richardson did not request an attorney prior to questioning, and that no other agent told Yott that

1

Richardson requested a lawyer.

Thereafter, BATFE agents transported Richardson to a second address, Dale Street in Detroit, and executed a search warrant there. Agents then took Richardson to his home in Canton, Michigan, to execute a third search warrant.

The group arrived at the house in Canton at 10:14 p.m. to execute the third search warrant. Before conducting the search, the agents required Richardson's family to sit on the first floor living room couch. After bringing Richardson in, the agents allowed him to use the first floor bathroom, and then took him into the kitchen for questioning. At that time the agents first secured written initialing from Richardson on the Miranda waiver form and then a signature and then questioned him.

Yott testified that the agents took him to his house to question him so he would be "comfortable." The Court does not find that testimony credible. Yet the bottom line is whether Richardson was coerced to make statements.

Richardson's statement was videotaped, but he did not testify at the hearing. Thus, the Court has no specific evidence from Richardson regarding his state of mind, other than his appearance on the tape and the soundtrack.

Richardson did not sign a Miranda waiver at the Pinehurst address, as co-Defendant Smith did. Later at his Canton residence, Richardson did initial, and thereafter signed a Miranda rights form. Richardson refused to write out a copy of his statement at the Canton address.

There is no evidence before the Court that Richardson ever requested an attorney.

Richardson requests that the Court infer that his statement made at his Canton residence was not voluntary. There is no basis for the Court to make such an inference, much less reach

that conclusion.

Richardson was taken to his house, where his family had been forced to get up at night and sit on the living room couch while he was questioned in the kitchen. The Court finds that this scenario would put pressure on Richardson during the interrogation. On the other hand, there is no evidence, from the testimony or the DVD, to support Richardson's claim that his statement was the result of sufficient coercion or intimidation under precedential case law. After examining the DVD, and hearing the testimony of Yott, and no testimony from Richardson as to his mind-set, the Court finds that the evidence establishes that Richardson received his Miranda warnings – oral on Pinehurst – written in Canton – and thereafter voluntarily spoke to the agents.

The Court notes the following cases as relevant to the instant ruling.

*Miranda v. Arizona*, 384 U.S. 436 (1966), held that prior to interrogating a defendant in custody, the agent must provide what have become to be known as Miranda warnings, which include informing of the right of counsel, and that questioning will cease if defendant requests counsel.

In *Edwards v. Arizona*, 451 U.S. 477 (1981), the Supreme Court held that once a suspect has invoked his right to counsel, he cannot be subjected to further interrogations until counsel has been made available to him unless the suspect initiates further communication with the police. In the instant case, there is no evidence before the Court that Defendant requested counsel at any time, at any address.

Thus, the remaining issue is whether the agents' conduct in bringing Defendant to his home, to interrogate him in front of his family, resulted in a confession secured in an unconstitutional manner.

In *United States v. Gatewood*, 230 F.3d 186, 193 (6th Cir. 2000) (en banc) the Sixth Circuit held:

> To prove an unconstitutional confession "coercive police activity is a necessary predicate to finding that a confession is not voluntary". *Colorado v. Connelly*, 479 U.S. 157 (1986). Gatewood has failed to advance any evidence of coercive police activity or evidence that his will was coercively overborne.

In *Connelly*, the Supreme Court used a due process clause focus, affirming its decision in *Miller v. Fenton*, 474 U.S. 104, 109 (1985), where it had held:

> "certain interrogation techniques, either in isolation or as applied to the unique characteristics of a particular suspect, are so offensive to a civilized system of justice that they must be condemned."

Thus, the Court's focus is on "the crucial element of police overreaching." *Connelly* 479 U.S. at 163. In the instant case, while there is police conduct that created a more pressured environment – going to Richardson's home after 10:00 p.m., waking up his family and requiring them to sit on the living room couch while he was being interrogated in the kitchen – that conduct objectively, does not, by itself, rise to the level of coercion required to find a due process violation. Subjectively, no evidence was presented as to Defendant's state of mind apart from the DVD, and that evidence does not support a finding of unconstitutional coercion.

Accordingly, the Court finds Defendant's Miranda waiver and his statements were knowingly and voluntarily made, and therefore DENIES Richardson's Motion to Suppress his statements.

SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 2, 2007.

s/Denise Goodine<br>
Case Manager