**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES**
**OF AMERICA,**

          **Respondent,**               **CRIMINAL ACTION NO. 06-CR-20676-DT**
                                       **CIVIL ACTION NO. 09-CV-11000-DT**
      **vs.**

                                       **DISTRICT JUDGE PAUL D. BORMAN**

**HENRY ALLEN RICHARDSON,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

          **Movant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Movant Richardson's Motion to Vacate Sentence (No. 06-20676,

docket no. 105) should be **DENIED**.

**II.**    **REPORT:**

       This is a motion to vacate sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255.

(Docket no. 105). Movant filed his motion on March 17, 2009. His Judgment was entered on March

27, 2008. (Docket no. 89). Movant pled guilty to Count 2 (possession of more than 50 grams of

cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting

in violation of 18 U.S.C. § 2), Count 3 (possession of more than 500 grams of cocaine with intent

to distribute in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C.

§ 2), and Count 4 (possession of a firearm in furtherance of a drug trafficking crime in violation of

18 U.S.C. § 924(c)(1)(A) and aiding and abetting in violation of 18 U.S.C. § 2). (Docket no. 76).

The district court sentenced him to 300 months in prison (240 months on Counts 2 and 3, and 60

months consecutive on Count 4). (*Id.*).

-1-

This matter was referred to the undersigned for a Report and Recommendation. (Docket no. 107). Respondent filed a Response on April 30, 2009. (Docket no. 114). Movant did not file a Reply brief. The Court dispenses with oral argument and finds that an evidentiary hearing is not required because the motion and records and files of this case conclusively show that Movant is entitled to no relief. 28 U.S.C. § 2255(b). This matter is therefore now ready for ruling.

A.    **Facts**

The record shows that Movant signed a plea agreement pleading guilty to the above charges. (Docket no. 76). As part of that plea agreement, Movant stipulated that "he has been convicted of at least two felony drug offenses as that term is utilized in 21 U.S.C. § 841(b)(1)(A) and (1)(B)." (*Id*. at 3). The government had filed a Penalty Enhancement Information listing four prior convictions for Movant. (Docket no. 54). The plea agreement stated that the government would withdraw one of the sentencing enhancements previously filed which would make Movant's mandatory minimum sentence for Count 2 20 years instead of life in prison. (Docket no. 76 at 6). The government filed a motion to modify the penalty enhancement information and included only one of the previous four prior convictions. This was a conviction in Wayne County Circuit Court for possession with intent to deliver cocaine and sentence imposed on October 27, 1998. (Docket no. 88). This motion to modify stated that this conviction was further detailed in the PSR. (*Id*.).

After Movant pled guilty as anticipated in his plea agreement, the Court sentenced him to the lowest possible sentence: the mandatory minimum sentence of 20 years on Count 2 and the mandatory minimum 10 years on Count 3 concurrent with Count 2; and a consecutive 5-year sentence on Count 4. (Docket no. 89 at 2).

-2-

Movant raises two grounds for relief in his section 2255 motion. (Docket no. 105). The first ground is ineffective assistance of counsel because counsel failed to object to the use of an uncertified copy of his prior conviction to support his sentence enhancement under 21 U.S.C. § 851 and § 841(a)(1). (*Id.*). The second ground for relief is also ineffective assistance of counsel based on counsel's failure to investigate and present mitigating evidence at sentencing. (*Id.*). The mitigating evidence would be that Movant suffers from a diminished capacity resulting from head trauma after a car accident and that Movant came from an impoverished background with little paternal positive influence. (*Id.*). Finally, Movant alleges that counsel should have requested a competency hearing for him. (*Id.*).

Respondent argues that Movant is not entitled to any relief. (Docket no. 114). It argues that no challenge to the conviction supporting the enhancement was possible and that counsel performed reasonably by obtaining a reduction of the penalty enhancements which saved Movant from a life sentence. (*Id.*). Respondent also contends that no downward departure for diminished capacity or for any other reason was possible because of the mandatory minimums applicable to Movant. Finally, Respondent argues that the record fully shows that counsel had no reason to question whether Movant was competent to proceed in the case. (*Id.*).

### B.     Standard

In order to establish ineffective assistance of counsel, a defendant must first show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Railey v. Webb*, 540 F.3d 393, 415 (6th Cir. 2008), *petition for cert. filed,* (Apr. 2, 2009). Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that the errors

were so serious that they deprived the defendant of a fair trial, a trial whose result was reliable. (*Id.*). When the ineffective assistance claim is in the context of a guilty plea, in order to satisfy the prejudice requirement, "'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" (*Id*. at 415-16 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985))).

      **C.**     **Analysis**

          **1.**      **Uncertified Copy of Prior Conviction**

Movant first argues that counsel rendered ineffective assistance by failing to object to the use of an uncertified copy of his prior conviction supporting the section 851 enhancement. (Docket no. 105 at 4). Importantly, Movant does not contend that he did not suffer this conviction or that the information concerning it is not accurate. His complaint is that the copy of it presented by the government was not certified.

Movant relies upon *Shepard v. United States*, 544 U.S. 13 (2005) for the proposition that the government must present "certified copies of the charging instrument, or sentencing transcripts, etc." (Docket no. 105 at 8). In *Shepard*, the Supreme Court considered the type of documentation a court could consider in determining whether a prior burglary conviction was a "violent felony" conviction under the Armed Career Criminal Act (ACCA) which is not at issue in Movant's case. Such a conviction must have been for "generic burglary," meaning burglary of a building or enclosed space, in order to be a violent felony. The Court found that documentation such as police reports are not an acceptable basis when the defendant pled guilty. Rather, the court must rely on documentation such as the charging document, terms of the plea agreement, or the plea colloquy to determine the facts underlying the conviction. This holding has no relevance to Movant's case.

-4-

The Sixth Circuit has found that the court in determining the relevant facts for sentencing purposes may consider any information so long as it has sufficient indicia of reliability to support its probable accuracy. *United States v. Cook*, 13 Fed. App'x 331, 341 (6th Cir. 2001) (citing U.S.S.G. § 6A1.3, comment.). In *Cook*, the court rejected the argument that because the government failed to introduce a certified copy of a prior conviction at sentencing the district court erred by including it in its calculation of the appropriate sentence. The Sixth Circuit noted that the court had received a certified copy of the conviction from the probation officer. Movant argues that there was no certified copy of his prior conviction attached to the March 25, 2008 enhancement motion, but does not allege that the court did not receive a copy from the probation officer or another source. (Docket no. 105 at 8).

Moreover, even if counsel failed to ensure that the court received a certified copy of this prior conviction from any source, it fails to show that counsel performed in a constitutionally deficient manner. Movant does not contend that the prior conviction was inaccurately reported to the court. Counsel knew that even if this conviction was somehow deficient, which Movant has not established, there were other convictions which the government could use. Movant had already stipulated in his plea agreement that he had been convicted of at least two felony drug offenses as that term is used in section 841(b)(1)(A), which conclusively shows his eligibility for the section 841(b)(1)(A) enhancements applied in his case. In short, counsel reasonably could have decided not to challenge this alleged failure by the government when in exchange Movant was benefitting by being spared the penalty of life in prison which would have applied without the plea agreement.

Finally, for these same reasons, Movant cannot show that he was prejudiced by this alleged deficient performance of counsel. He fails to show that there is a reasonable probability that but for

-5-

counsel's alleged errors, he would have gone to trial. Movant has therefore failed to establish either prong of the test for ineffective assistance of counsel related to the alleged uncertified copy of his prior conviction.

### 2.   Mitigating Evidence

Movant also argues that counsel rendered ineffective assistance by failing to present mitigating evidence at his sentencing. (Docket no. 105). Movant was properly subject to the mandatory minimum sentences for all three counts to which he pled guilty. His only challenge to the enhancement was rejected above.

A district court in sentencing a defendant subject to such enhancements under section 841 may not sentence below those enhanced mandatory minimums unless the government makes the appropriate motion under U.S.S.G. § 5K1.1, or the defendant is eligible for the safety valve provision of the sentencing guidelines (U.S.S.G. § 5C1.2). *See United States v. Marsh*, 486 F. Supp. 2d 150, 154 n.7 (D. Mass. 2007) (adjustment for diminished capacity under USSG § 5K2.13 would not affect guidelines sentence because mandatory minimum would apply in any event), *aff'd*, 561 F.3d 81 (1st Cir. 2009), *petition for cert. filed*, (May 5, 2009); *United States v. Lopez*, 238 F. Supp. 2d 305, 312 (D. Me. 2002) (attorney not ineffective for not pursuing diminished capacity departure to mandatory minimum sentence given inapplicability of safety valve provision and irrelevance of substantial assistance departure). Movant was not eligible for either of these reductions. Accordingly, even if there was a factual basis for a departure based on the allegations of Movant, for counsel to argue for such a departure would have been futile. Counsel did not perform deficiently by not making a futile motion or objection, and Movant cannot show any resulting prejudice. *Lopez*, 238 F. Supp. 2d at 312.

Finally, the record shows that counsel had no reason to suspect that Movant was incompetent to enter his guilty pleas.  Movant has failed to show that counsel performed deficiently or that he was prejudiced by counsel not moving to have him examined for mental competency.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response

-7-

proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.


Dated: June 04, 2009                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE




**PROOF OF SERVICE**

        I hereby certify that a copy of this Report and Recommendation was served upon Henry
Allen Richardson and Counsel of Record on this date.

Dated: June 04, 2009                    s/ Lisa C. Bartlett
                                        Courtroom Deputy