UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY RICHARDSON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

CIVIL CASE NO. 09-11000
CRIM. CASE NO. 06-CR-20676

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

On September 21, 2009, this Court entered an order adopting the Magistrate Judge's Report and Recommendation of June 4, 2009, Denying Petitioner's Motion to Vacate or Set Aside Sentencing Pursuant to Title 18 U.S.C. §3582(c)(2).

On July 21, 2010, this Court entered an order granting Petitioner's Motion to Reinstate his Title 28 U.S.C. §2255 Appeal Rights.

The Court now, pursuant to F.R. App. P. 22(b) denies Petitioner a certificate of appealability on the two issues dealt with in the Magistrate Judge's R&R and this Court's order adopting that R&R for the reasons that follow:

> (1) There is no merit to a claim of ineffective assistance of counsel with regard to the penalty enhancement as a result of the Government's enhancement filing designating Petitioner as a prior drug felon under Title 21. Petitioner had agreed to being subject to one enhancement in his Rule 11 plea agreement, on the condition that the government not file a second enhancement. The Government did file a single enhancement.
>     Petitioner claims that his counsel was ineffective for failing to object to the Government's filing of an uncertified copy of his prior conviction supporting the 21 U.S.C. §851 enhancement. The Court concludes this claim does not support an appeal.
>     Petitioner does not contend that this prior conviction did not occur, or that any of the information contained within the uncertified copy was not accurate. Further, as the

1

Magistrate Judge noted, Petitioner had stipulated in the Rule 11 plea agreement that he had been convicted of at least two felony drug offenses thereby bringing him within the enhancement. Indeed, Petitioner's counsel had effectively represented him by negotiating away a second enhancement which would have subjected him to a much longer period of incarceration.

Petitioner has not shown a reasonable probability that but for this error, he would have achieved a more beneficial result.

(2) As to Petitioner's claim relating to counsel's alleged ineffective assistance at sentencing by failing to present mitigating evidence relating to allegations of diminished capacity, and a background of impoverishment with little paternal influence, those matters would not have been able to make a difference since each sentence imposed was the mandatory minimum sentence. Further, the Court concludes that neither the record, nor Petitioner's conduct before the Court at the plea or the sentencing provides any basis for questioning Petitioner's competence.

Accordingly, the Court declines to grant Petitioner a certificate of appealability.

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 20, 2010.

S/Denise Goodine
Case Manager